**RECORD NO. 14-4207**

# IN THE
# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

———————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

CHARLES EARLY,

*Defendant-Appellant.*

———————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(HONORABLE CATHERINE C. BLAKE, U.S.D.J.)

———————————

**OPENING BRIEF OF APPELLANT
CHARLES EARLY**

———————————

Marc L. Resnick
ATTORNEY AT LAW
717 D Street, N.W., Suite 400
Washington, DC  20004
(202) 628-0773 Telephone
marc.l.resnick@verizon.net

*Counsel for Appellant*

LANTAGNE LEGAL PRINTING 801 East Main Street Suite 100 Richmond, Virginia  23219 (804) 644-0477
A Division of Lantagne Duplicating Services

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................i

TABLE OF AUTHORITIES ...................................................... ii

JURISDICTIONAL STATEMENT ...............................................1

ISSUE PRESENTED...................................................................2

STATEMENT OF THE CASE......................................................3

STATEMENT OF FACTS ...........................................................4

SUMMARY OF ARGUMENT .....................................................7

ARGUMENT

    CHARLES EARLY'S SENTENCE TO A TERM OF IMPRISONMENT FOR 120 MONTHS WAS PROCEDURALLY UNREASONABLE BECAUSE THE COURT FAILED TO PROPERLY CONSIDER THE UNITED STATES SENTENCING COMMISSIONS' NEWLY-ISSUED AMENDMENTS TO THE SENTENCING GUIDELINES................................................8

    A. Standard of Review ........................................................8

    B. Discussion ...................................................................8

CONCLUSION ....................................................................... 15

CERTIFICATE OF COMPLIANCE.............................................. 16

CERTIFICATE OF SERVICE ....................................................17

# TABLE OF AUTHORITIES

## *Cases*

*Dorsey v. United States*, 132 S. Ct. 2321 (2012) ................................................*passim*

*Freeman v. United States*, 131 S. Ct. 2685 (2011) ..................................................12

*Gall v. United States*, 552 U.S. 38 (2007) ............................................................8, 9

*Kimbrough v. United States*, 552 U.S. 85 (2007) ........................................................9

*Rita v. United States*, 551 U.S. 338 (2007)..........................................................9, 12

*United States v. Abu Ali*, 528 F.3d 210 (4th Cir. 2008) ...........................................9

*United States v. Allen*, 446 F.3d 522 (4th Cir. 2006) ................................................8

*United States v. Booker*, 543 U.S. 220 (2005) ...........................................................9

*United States v. Green*, 436 F.3d 449 (4th Cir. 2006) ..............................................8

*United States v. Sosa-Carabantes*, 561 F.3d 256 (4th Cir. 2009) ...........................8

## *Statutes, Regulations, & Rules*

18 U.S.C. § 3553(a) (2010) *et seq.* ..............................................................5, 12, 13

18 U.S.C. § 3742(a) (2003)...........................................................................................2

21 U.S.C. § 841 (2010) *et seq*....................................................................................2

21 U.S.C. § 846 (1988) ..........................................................................................1, 3, 4

28 U.S.C. § 994(a) (2006) ...........................................................................................9

28 U.S.C. § 1291 (1982) .............................................................................................2

Fair Sentencing Act of 2012, Pub. L. No. 111-220, 124 Stat. 2372 .....................11

FED. R. CRIM. P. 11(c)(1)(C) ...................................................................................4

U.S.S.C. §2D1.1 (2013) (amended 2014)...............................................................6, 9

U.S.S.C. §4B1.1 (2011) ...............................................................................................6

*Constitutional Provisions*

U.S. CONST. art. I, § 9, cl. 3 ......................................................................13

*Other Related Authority*

U.S. SENTENCING COMMISSION, AMENDMENTS TO THE SENTENCING GUIDELINES (proposed April 30, 2014) ...............................................................10, 11

U.S. SENTENCING COMMISSION, PROPOSED AMENDMENTS TO THE SENTENCING GUIDELINES (proposed January 17, 2014) ........................................................... 10

USSC, Report to the Congress: Mandatory Minimum Penalties in the Federal Criminal Justice System (Oct. 2011) (2011 Report) ........................................10, 11

RECORD NO. 14-4207

_____

IN THE UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

CHARLES EARLY,

*Defendant-Appellant*.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

(HONORABLE CATHERINE C. BLAKE, U.S.D.J.)

_____

BRIEF OF APPELLANT

_____

## JURISDICTIONAL STATEMENT

The district court had jurisdiction over this federal criminal case pursuant to

21 U.S.C. § 846 (1988).[1]  The court entered the judgment of conviction on

---

[1]  Title 21, Section 846 of the United States Code provides that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 846 (1988).  *See*

November 15, 2013, and subsequently sentenced Charles Early to a term of imprisonment and supervised release on March 4, 2014. (JA.I. 9, 85, 89).[2] Mr. Early timely noted an appeal to this Court immediately thereafter on March 11, 2014. (*Id*. at 94). This Court has jurisdiction over Mr. Early's appeal pursuant to 28 U.S.C. § 1291 (1982) and 18 U.S.C. § 3742(a) (2003).[3]

## ISSUE PRESENTED

Whether Charles Early's sentence to a term of imprisonment for 120 months was procedurally unreasonable when the district court failed to properly consider the United States Sentencing Commission's newly released amendments to the U.S. Sentencing Guidelines.

---

*also* 28 U.S.C. §§ 841(a) & (b) (1) (B) (i) (2010) (providing the specific penalty for the distribution or 100 or more grams of heroin).

[2] Herein after, "JA.I." shall refer to the Joint Appendix, Volume I, and "JA.II." shall refer to Volume II of the Joint Appendix.

[3] Title 28, Section 1291 of the United States Code, entitled, "Final Decisions of district courts," in pertinent part provides that "[t]he court of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ." 28 U.S.C. § 1291 (1982).

Title 18, Section 3742(a) of the United States Code, entitled, "Review of a sentence," specifically indicates that a defendant may file a notice of appeal for review of a final sentence if said sentence was imposed in violation of law or the result of an incorrect application of the sentencing guidelines. *See* 18 U.S.C. §§ 3742(a)(1) & (2) (2003).

2

## STATEMENT OF THE CASE

This is a federal criminal case involving twelve defendants who were charged with participating in a conspiracy to distribute and possess with intent to distribute controlled dangerous substances.  (JA.I. 11—12; JA.II. 95—96).

Appellant, Charles Early, was indicted with conspiracy to distribute and possession with intent to distribute 100 or more grams of a substance with a detectable amount of heroin, in violation of 21 U.S.C. § 846. (JA.I. 11—12).[4]  A superseding indictment was issued on July 11, 2013, charging Mr. Early with conspiracy to distribute and possess with intent to distribute one kilogram or more of a substance with a detectable amount of heroin.  (JA.II. 95—96).  Thereafter, he entered into a plea agreement with the government, and plead guilty to conspiracy to distribute and possession with intent to distribute 100 or more grams of heroin. (JA.I. 61, 67).

The district court subsequently accepted Early's plea and found Charles Early guilty of conspiracy to distribute and possession with intent to distribute 100 or more grams of heroin, in violation of 21 U.S.C. § 846. (*Id*. at 57).  On March 4, 2014, the court sentenced him to a term of 120 months imprisonment and an additional term of four years supervised release, (*Id*. 9, 85, 89), and it waived a

---

[4]  *See* n. 1*, supra*.

criminal monetary penalty of $100. (*Id.* at 92). Before this Court, Mr. Early challenges his sentence to a term of 120 months imprisonment.

## STATEMENT OF FACTS

On November 14, 2013, Charles Early entered into a Rule 11(c)(1)(C)[5] plea agreement based on a specific U.S. Sentencing Guidelines' range. (JA.I. 61—67). Pursuant to the agreement Early agreed to plead guilty to one count of conspiracy to distribute 100 grams or more of heroin in exchange for a sentence of no less than 60 months (5 years) and no more than 132 months (11 years) imprisonment in the custody of the Bureau of Prisons. (*Id.* at 62). Thereafter he pleaded guilty to the agreed-upon charge, and the district court subsequently accepted his plea, finding him guilty of violating 21 U.S.C. 846. (*Id.* at 30, 57). The plea and the court's acceptance thereof were predicated on Mr. Early's non-managerial role in the conspiracy.

Early's sentencing hearing was subsequently scheduled for March 4, 2014. (*Id.* at 9, 69). Prior to the hearing the government submitted a sentencing memorandum to the court, which it presented a computational analysis of the Sentencing Guidelines and posited that, based on Early's criminal history, he maintained a base offense level of 34 that should be reduced three levels for his

---

[5] Rule 11(c) (1) (c) permits parties to a criminal proceeding to "agree that a specific sentence or sentencing rage is the appropriate disposition of the case. . . ." FED. R. CRIM. P. 11(c)(1)(C).

acceptance of responsibility, resulting in an offense level of 31. (JA.II. 117—18). Thereafter, the government provided a recommended sentence of 120 months imprisonment predicated on its own 18 U.S.C. § 3553(a) (2010)[6] analysis, noting Early's criminal history and the nature of the offense for which he was found guilty. (*Id*. at 118—122).

Charles Early also submitted a preliminary sentencing memorandum to the court, in which he argued that his term of imprisonment should be at the lowest part of the stipulated sentencing range: 60 to 132 months. (*Id*. at 100). To support his argument Early "submit[ted] that the circumstances of the offense, the relatively minor prior convictions for drug dealing compared to the harshness of being a career offender, and his willingness to change his life by entering a guilty plea in th[e] case . . . warrant[ed] the requested lower sentencing . . . ." (*Id*.). He further noted that his suggested penalty "would be a sentence not greater than that necessary to comply with the purposes [of sentencing] set forth in 18 U.S.C. 3553(a)(2)." (*Id*. at 101).

Notably, Mr. Early highlighted the Sentencing Commission's 2014 amendments to the Sentencing Guidelines, which lower the drug quantity tables, such that his base offense level would be 26. (*Id*. at 102). He subsequently noted

---

[6]  Title 18, Section 3553(a) sets forth the factors a district court must consider when imposing a sentence. 18 U.S.C. § 3553(a) (2010). *See* Part (B), *infra*, for further discussion.

5

that the three-level reduction to his offense level predicated on his acceptance of guilt and his criminal history category would result in a Guidelines range of 70 to 87 months. (*Id.*).

At his sentencing hearing on March 4, 2014, Mr. Early's trial counsel presented an argument that echoed the argument presented within his memorandum submitted to the court. (*Id.* at 102; JA.I 77—79). Specifically, counsel addressed his contentions regarding the government's characterization of his "career offender"[7] criminal history and additionally reasserted the argument that the 2014 amendments to the Sentencing Guidelines be considered and applied. (JA.I. 78—79).

After the parties concluded their arguments, the court agreed that "the career offender range for Mr. Early would be too high in this case[,]" and concluded that an application of career offender level sentencing would be inappropriate. (*Id.* at 83). The court, however, rejected any consideration of the Commission's 2014 amendments to the Sentencing Guidelines, concluding that the Guidelines were "not in effect at the moment." (*Id.* at 79). Thereafter, the court sentenced Charles

---

[7]    Section 4B1.1 of the United States Sentencing Guidelines provides that "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense [pursuant to U.S.S.G §2D1.1 (2013) (amended 2014)]; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1 (2011).

Early to the government's recommended term of 120 months imprisonment. (*Id*. at 85).

Additional facts may be presented *infra* to the extent that they are material to the discussion below.

## SUMMARY OF THE ARGUMENT

The sentence imposed upon Charles Early was procedurally unreasonable. A sentence predicated on an improperly calculated Guidelines range, or the court's complete failure to consider the appropriate guidelines, constitutes significant procedural error. When a sentence is tarnished by significant procedural error, the procedurally unreasonable sentence must be vacated and remanded for resentencing.

Because the district court rejected any consideration of the Sentencing Commission's newly-released 2014 amendments to the Guidelines—a series of amendments that directly affect the calculation of Mr. Early's appropriate sentence—this Court should vacate his sentence and remand the matter to the district court for resentencing.

# ARGUMENT

CHARLES EARLY'S SENTENCE TO A TERM OF IMPRISONMENT FOR 120 MONTHS WAS PROCEDURALLY UNREASONABLE BECAUSE THE COURT FAILED TO PROPERLY CONSIDER THE UNITED STATES SENTENCING COMMISSIONS' NEWLY-ISSUED AMENDMENTS TO THE SENTENCING GUIDELINES.

(A)    STANDARD OF REVIEW.

When evaluating a challenge to the district court's application of the U.S. Sentencing Guidelines, this Court reviews the court's factual findings for clear error and its legal conclusions *de novo*. *United States v. Sosa-Carabantes*, 561 F.3d 256, 259 (4th Cir. 2009); *United States v. Allen*, 446 F.3d 522, 527 (4th Cir. 2006); *United States v. Green*, 436 F.3d 449, 456 (4th Cir. 2006).

(B)    DISCUSSION.

The district court's procedurally unreasonable sentence must be vacated and remanded with instruction because the court failed to properly consider the 2014 amendments to the Sentencing Guidelines. Indeed, it is axiomatic that a court's "fail[ure] to calculate (or improperly calculating) the Guidelines rage" constitutes "significant procedural error." *Gall v. United States*, 552 U.S. 38, 51 (2007). Therefore, a sentence predicated on an improperly calculated guidelines rage or the court's complete failure to consider the appropriate guidelines must be found

unreasonable and vacated. *See United States v. Abu Ali*, 528 F.3d 210, 260 (4th Cir. 2008). *Cf Dorsey v. United States*, 132 S. Ct. 2321 (2012).

It is well-settled that all sentencing proceedings must begin by correctly calculating the applicable Guidelines range. *Gall*, 552 U.S. at 49 (citing *Rita v. United States*, 551 U.S. 338, 347—48 (2007)); *Kimbrough v. United States*, 552 U.S. 85, 91 (2007). Even though the Guidelines are advisory rather than mandatory,[8] they remain the "starting point and the initial benchmark" to the district court's sentencing analysis. *Gall*, 552 U.S. at 49. In general, the Guidelines are the product of the Sentencing Commission's careful study predicated on extensive empirical evidence derived from the review of thousands of individual sentencing decisions. *Gall*, 552 U.S. at 46 (citing *Rita*, 551 U.S. at 349). *See also Kimbrough*, 552 U.S. at 96. They are the result of the Sentencing Commission's expertise and authority set forth in the Sentencing Reform Act of 1984, Pub. L. 98-473, 98 Stat. 1987. 28 U.S.C. § 994(a) (2006). *See Dorsey*, 132 S. Ct. at 2326; *Kimbrough*, 552 U.S. at 96 n.7.

Recently, the Commission submitted amendments to the Guidelines that would revise the guidelines applicable to the drug trafficking offenses by changing how the base offense levels in the drug quantity tables in section 2D1.1 of the

---

[8] The Supreme Court's opinion in *United States v. Booker*, instructed courts to read the Guidelines as "effectively advisory." 543 U.S. 220, 224 (2005).

*Guidelines Manual*[9] incorporate the statutory mandatory minimum penalties for drug trafficking offenses. U.S. SENTENCING COMMISSION, AMENDMENTS TO THE SENTENCING GUIDELINES 21 (proposed April 30, 2014).    Under the originally issued Guidelines for drug-trafficking offenses the quantity thresholds were set to provide base offense levels corresponding to guideline ranges that were *above* the statutory mandatory minimum sentences proscribed in the Anti-Drug Abuse Act of 1986, 100 Stat. 3207. *Dorsey*, 132 S. Ct. at 2327; U.S. SENTENCING COMMISSION, AMENDMENTS TO THE SENTENCING GUIDELINES 21 (proposed April 30, 2014).[10] For example, offenses involving drug quantities that triggered a five-year statutory mandatory minimum under the Anti-Drug Abuse Act of 1986 were assigned a base offense level corresponding to a sentencing guideline range that greatly exceeded the five-year statutory minimum. *See Dorsey*, 132 S. Ct. at 2327 (citing USSC, Report to the Congress: Mandatory Minimum Penalties in the Federal Criminal

---

[9]   U.S. SENTENCING COMMISSION, GUIDELINES MANUAL §2D1.1 (Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with intent to Commit These Offenses); Attempt or Conspiracy) (2013) (amended 2014).

[10]     *available at* http://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20140430_RF_Amendments.pdf.     The Commission originally proposed its amendments to section 2D1.1 in January 2014. U.S. SENTENCING COMMISSION, PROPOSED AMENDMENTS TO THE SENTENCING GUIDELINES (proposed January 17, 2014), *available at* http://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20140114_RFP_Amendments.pdf.

Justice System 53—54 (Oct. 2011) (2011 Report); U.S. Sentencing Commission, Amendments to the Sentencing Guidelines 21 (proposed April 30, 2014).

Since their issuance, however, the Guidelines have been the subject of great criticism and have undergone substantial revision. Indeed, some revisions were made pursuant to a direct order of Congress. *See, e.g*., Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2(a) & § 8(2), 124 Stat. 2372 (increasing the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the ten year minimum and instructing the Commission to "make such conforming amendments to the Federal sentencing guidelines as the Commission determine[d] necessary . . . ."). The Commission's issuance of the new amendments to the Guidelines was to further respond to the criticisms that abounded.

The 2014 amendments reduce by two levels the offense levels assigned to the quantities that trigger the statutory mandatory minimum penalties. U.S. Sentencing Commission, Amendments to the Sentencing Guidelines 21 (proposed April 30, 2014). "Accordingly, offenses involving drug quantities that trigger a five-year statutory minimum are assigned a base offense level of 24 (51 to 63 months at Criminal History Category I, which includes the ten-year (120 month) statutory minimum for such offenses." *Id*. Further, offense level quantities

above and below the mandatory minimum threshold quantities were similarly adjusted downward by two levels. *Id*. The Commission has conclusively determined that setting the base offense levels above the mandatory minimum penalties is no longer necessary to achieve the stated purpose for the previously issued Guidelines ranges of incarceration. *Id*. at 22. *See also Rita*, 551 U.S. at 350 (suggesting that the Commissions recommendation for a change in the Guidelines range reflects an approximation of sentences that achieve 18 U.S.C. § 3553(a)'s objectives). To be sure, amendments to the Guidelines that lower the base level for offenses and reduce the ranges of the appropriate sentences suggest that the Commission has deemed the prior penalty "too severe, out of step with the seriousness of the crime[,]" "and inconsistent with the [Sentencing Reform] Act" of 1984's purpose. *Freeman v. United States*, 131 S. Ct. 2685, 2694 (2011).

That the Commission has unanimously decided to apply the 2014 amendments—resulting in a reduction within the Guidelines levels applicable to most federal drug trafficking offenders—retroactively demonstrates the Commission's intent to provide relief to all convicted offenders regardless of the contemporaneousness of the offense to the 2014 amendments. Therefore, as a matter of judicial efficiency and fairness, those sentenced before the amendments take effect on November 1, 2014, should be able to avail themselves of the amendments. *Nothing* prohibits the sentencing court from considering

12

amendments that lower the Guidelines' ranges prior to their effectiveness. *See Dorsey*, 132 S. Ct. at 2332.

The Supreme Court's opinion in *Dorsey v. United States*, 132 S. Ct. 2321 (2012), is instructive.   There, the sentencing court refused to apply the Fair Sentencing Act's more lenient statutory penalties for crack-related trafficking offenses *before* the Commission had even finished revising the Guidelines to reflect congressional enactment. *Dorsey*, 132 S. Ct. at 2330.  It reasoned that such an application was impermissible because 18 U.S.C. § 3553(a)(4)(A)(ii) required an application of the Guidelines "that are in effect on the date that the defendant is sentenced," and subsequently sentenced Dorsey after considering the unrevised Guidelines issued pursuant to the Anti-Drug Abuse Act of 1986.  *Id*. at 2330.  The Court of Appeal for the Seventh Circuit Affirmed. *Id*.

The Supreme Court, however, rejected the district court's reasoning and remanded the case for resentencing, observing that 18 U.S.C. § 3553(a)(4)(A)(ii) does not prohibit a sentencing court from imposing a lower sentence that comports with newly released Guidelines ranges.  *Id*. at 2332, 2336.  Specifically, the court noted that "[a]lthough the Constitution's *Ex Post Facto* Clause, Art. I, § 9, cl. 3,[11]

---

[11]  Article I, Section 9, clause 3 of the United States Constitution sets forth that "[n]o Bill of Attainder or *ex post facto* Law shall be passed." U.S. CONST. art. I, § 9, cl. 3.

prohibits applying a new Act's higher penalties to pre-Act conduct, <u>it does not prohibit applying lower penalties</u>. *Id.* (citations omitted) (emphasis added).

In the instance case, the Commission issued amendments to the Guidelines that would have significantly lowered the Guidelines range considered by the district court.  Mr. Early asked the district court to appropriately consider the Commission's 2014 amendments to the Sentencing Guidelines, which lower the drug quantity tables such that his base offense level would be 26. (JA.II. 102; JA.I. 78—79).  Because the court summarily rejected any consideration of the newly-issued amendments, Mr. Early's sentence must be vacated and remanded for resentencing.  *See Dorsey*, 132 S. Ct. 2336.

## CONCLUSION

For the foregoing reasons, Charles Early respectfully requests that his sentence of 120 months for conspiracy to distribute and possession with intent to distribute 100 or more grams of heroin be vacated and that the case be remanded to the district court for resentencing.

Respectfully Submitted,

August 25, 2014

   /s/
Marc L. Resnick
ATTORNEY AT LAW
717 D Street, N.W., Suite 400
Washington, DC 20004
(202) 628-0773 Telephone
marc.l.resnick@verizon.net
*Counsel for Appellant*

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. <u>14-4207</u>   Caption: <u>United States v. Charles Early</u>

**CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)**
Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. Type-Volume Limitation: Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines. Any Reply or Amicus Brief may not exceed 7,000 words or 650 lines. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include footnotes in the count. Line count is used only with monospaced type.

This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

[**X**]  this brief contains <u>2,939</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), or

[ ]    this brief uses a monospaced typeface and contains [state number of] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. Typeface and Type Style Requirements: A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a) (5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[**X**]  this brief has been prepared in a proportionally spaced typeface using <u>Microsoft Word</u> in <u>14-point Times New Roman</u>; or

[ ]    this brief has been prepared in a monospaced typeface using [identify word processing program] in [identify font size and type style].

/s
Marc L. Resnick

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of August, 2014, the foregoing

document was served on all parties or their counsel of record through CM/ECF

system if they are registered users, or if they are not, by servicing a true and correct

copy by U.S. Mail at the address listed below:

> Michael C. Hanlon
> OFFICE OF THE UNITED
>   STATES ATTORNEY
> 36 South Charles Street, 4th Floor
> Baltimore, Maryland 21201
> (410) 209-4800 Telephone
> Michael.hanlon@usdoj.gov
>
> *Counsel for Appellee*

/s_____
Marc L. Resnick
